UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOPKINS GROWTH FUND, LLC., | Case No. 13-02275-JDP |
| Debtor, | |
| ——————————————— | |
| HOPKINS GROWTH FUND, LLC., | Case No. 1:14-MC-07991-EJL |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CHARLES A. WIKSTROM and CHARLENE F. WIKSTROM, | |
| Defendants and Third Party Plaintiffs, | Adv. No. 14-06019 |
| v. | |
| RANDALL H. HOPKINS, BRIAN L. MURPHY, AARON VAN DER AA, and HOPKINS FINANCIAL SERVICES, INC., and Idaho corporation, | |
| Third Party Defendants. | |

**MEMORANDUM DECISION AND ORDER**

# INTRODUCTION

Before the Court in the above entitled matter is a Motion to Withdraw Reference of Adversary Proceeding from the Bankruptcy Court to the District Court. (Dkt. 1.) For the reasons stated herein, the Court will deny the Motion to Withdraw without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff-Debtor, Hopkins Growth Fund, LLC ("Debtor"), filed an adversary bankruptcy proceeding against the Defendants Charles A. Wikstrom and Charlene F. Wikstrom (the "Wikstroms") alleging: 1) Avoidance of Preferential Transfer pursuant to 11 U.S.C. § 547(b), 2) Avoidance of Fraudulent Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and 3) Recovery of Property pursuant to 11 U.S.C. § 550 (collectively referred to as the "Adversary Claims"). (BK 1.)[1] The Adversary Claims relate to Debtor's transfer of money to a trust account for the benefit of the Wikstroms in exchange for the Wikstroms' release of all claims against the Debtor pursuant to a Stipulation of Compromise and Settlement Agreement (the "Settlement Agreement"). The Wikstroms have filed a Third-Party Complaint, and Amended Third-Party Complaint, against the Third-Party Defendants.[2] (BK 44, 50.) The Third-Party Claim raises a contract claim alleging that if the Wikstroms are

---

[1] The Court will use (BK ) when citing to the Bankruptcy Court's docket and will use (Dkt. ) when citing to this Court's docket.

[2] The Third-Party Defendants are: Hopkins Financial Services, Inc., Randall H. Hopkins, Brian L. Murphy, and Aaron Van Der AA. (BK 44, 50.)

**MEMORANDUM DECISION AND ORDER**   2

required to repay the transferred money to the Debtor, then the Third-Party Defendants are obligated under the Settlement Agreement to pay that same amount back to the Wikstroms. (BK 50) (Dkt. 1 at 2.) The Wikstroms also filed the instant Motion to Withdraw the Reference. (BK 53) (Dkt. 1.) Debtor and the Third-Party Defendants oppose the Motion and the parties have filed responsive briefing on the same. (Dkt. 4, 6, 8.) The matter is now ripe and the Court finds as follows.

## STANDARD OF REVIEW

Federal district courts have original jurisdiction over civil proceedings arising under the Bankruptcy Code. 28 U.S.C. § 1334; *In re McGhan*, 288 F.3d 1172, 1179 (9th Cir. 2002). Under 28 U.S.C. § 157(a), a district court may refer any or all such bankruptcy matters to a bankruptcy judge. *See In re Harris*, 590 F.3d 730, 736 (9th Cir. 2009). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the District's Bankruptcy Court Judges. *See* Apr. 24, 1995 *Third Amended General Order*. The reference may, however, be withdrawn under 28 U.S.C. § 157(d) upon a motion by any party or on the Court's own motion. Motions to withdraw a reference from the Bankruptcy Court are decided by the District Court. Fed. R. Bankr. P. 5011(a). Section 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

**MEMORANDUM DECISION AND ORDER**     3

The language of the statute provides for both permissive and mandatory withdraw. *Id.* The party seeking withdrawal has the burden of proving withdraw is appropriate. *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).

## ANALYSIS

### 1.    Mandatory Withdraw

Withdrawal is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Ninth Circuit has suggested this to mean that mandatory withdraw is required where "substantial and material" questions of non-bankruptcy federal law are present. *Sec. Farms v. International Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpters*, 124 F.3d 999, 1008 n. 4 (9th Cir. 1997). The mandatory withdrawal provision should be construed narrowly so as to avoid creating an "escape hatch by which bankruptcy matters could easily be removed to the district court." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (quotations omitted). Thus, the consideration of non-bankruptcy federal law must entail more than "routine application" to warrant mandatory withdrawal. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990); *see also Hawaiian Airlines, Inc. v. Mesa Air Grp.*, Inc., 355 B.R. 214, 222 (D. Haw. 2006) ("Cases involving significant interpretation require mandatory withdrawal, while those involving simple application do not.") (citation omitted).

**MEMORANDUM DECISION AND ORDER**    4

In this case, the Debtor's Adversary Claims all arise from the Bankruptcy Code and, therefore, are not subject to mandatory withdraw; i.e., they do not present claims raising substantial and material questions of *non-bankruptcy* federal law. *See Sec. Farms*, 124 F.3d at 1008 n. 4. Similarly, the Wikstroms' Third-Party Claim is a *state* law cause of action that does not present "substantial and material" questions of non-bankruptcy *federal* law. *See* 28 U.S.C. § 157(d) (referring to "other laws of the *United States*) (emphasis added). For these reasons, the Court finds that mandatory withdraw does not apply in this case.

**2.      Permissive Withdraw**

A district court may permissively withdraw a reference "for cause shown." 28 U.S.C. § 157(d); *Sec. Farms*, 124 F.3d at 1008. In determining whether to withdraw a reference for cause, courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pics. Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *see also Sec. Farms*, 124 F.3d at 1008. Next, the "district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *Orion Pics.*, 4 F.3d at 1101). "Permissive withdrawal is permitted only in a limited number of circumstances." *Hawaiian Airlines*, 355 B.R. at 223 (citations omitted). It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

## A.    Core or Non-Core Proceeding

By statute, bankruptcy judges have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b). A "core proceeding is one that 'invokes a substantive right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010) (citation omitted). "Core" proceedings are essentially those that would not exist outside of bankruptcy. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). Given their nature, "hearing core matters in a district court could be in inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues [and] may enter appropriate orders and judgments" in such a case. *Orion Pics.*, 4 F.3d at 1101.

Non-Core proceedings, on the other hand, are "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court...." *Sec. Farms*, 124 F.3d at 1008. Absent the parties' consent, bankruptcy judges cannot issue a final decision in a non-core proceeding. Pursuant to 28 U.S.C. § 157(c)(1), a non-core claim may still be heard by the bankruptcy court so long as it is "otherwise related" to a case under title 11:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and

conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). "[A] civil proceeding is 'related to' the bankruptcy if its outcome could conceivably have any effect on the bankruptcy estate." *In re ACI—HDT Supply Co.*, 205 B.R. 231, 237 (B.A.P. 9th Cir.1997).

To determine whether a proceeding is core or non-core, courts look to see if the proceeding "is created by title 11 or ... depends upon resolution of a substantial question of bankruptcy law." *Hawaiian Airlines*, 355 B.R. at 219 (citations omitted). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but ... it is an otherwise related or non-core proceeding." *In re Eastport Associates*, 935 F.2d 1071, 1076–77 (9th Cir. 1991) (citations omitted) (quoting *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987)).

A.     **The Adversary Claims**

Again, the adversary proceeding in this case is an avoidance action asserting claims of: 1) Avoidance of Preferential Transfer pursuant to 11 U.S.C. § 547(b), 2) Avoidance of Fraudulent Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and 3) Recovery of Property pursuant to 11 U.S.C. § 550. (BK 1.) These claims are statutorily defined as "core" proceedings. *See* 28 U.S.C. § 157(b)(2)(E), (F), (H). Congress has empowered bankruptcy courts to enter a final judgment on such claims. *See* 28 U.S.C. § 157(b)(1).

**MEMORANDUM DECISION AND ORDER**     7

However, in the wake of the Supreme Court's landmark decision in *Stern v. Marshall*, ___ U.S. ____, 131 S.Ct. 2594 (2011), the Ninth Circuit has held that bankruptcy courts lack the constitutional authority to enter final judgments on fraudulent conveyance claims. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), aff'd, 134 S.Ct. 2165 (2014) ("fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges."). Thus, if the claim for Avoidance of Fraudulent Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) proceeds to trial in this case, an Article III judge will preside. *See* 28 U.S.C. § 157(e);[3] *In re Dyer*, 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court."); *Cinematronics*, 916 F.2d at 1451 (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate") (internal citations omitted)).

But this does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007) (stating "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction" and transfer the case to district court).

---

[3]In full, 28 U.S.C. § 157(e) provides:
If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

In fact, the Supreme Court recently clarified that so-called "Stern claims" - which includes the fraudulent transfer claim at issue here - may comfortably proceed under the procedure set forth in 28 U.S.C. § 157(c)(1). *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014).

Thus, in this case, the Bankruptcy Court may "hear" the Avoidance of Fraudulent Transfer claim but it must submit proposed findings of fact and conclusions of law to this Court on that claim. 28 U.S.C. § 157(c)(1). Further, if either party files a dispositive motion, the Bankruptcy Court may entertain that motion and submit proposed findings of fact, conclusions of law, and a recommended disposition of the claim to this Court. *See Bellingham Ins. Agency*, 702 F.3d at 565 (bankruptcy courts have statutory power "to hear fraudulent conveyance cases and to submit reports and recommendations to district courts.").

### B.    The Third-Party Claim

The Wikstroms' Third-Party Claim is a "simple contract enforcement" claim based on the Settlement Agreement. (Dkt. 8 at 6.) The Amended Third-Party Complaint states:

> In its complaint, plaintiff seeks to require Defendants Wikstrom to pay to plaintiff $200,000 which, plaintiff asserts, was the amount paid by plaintiff to plaintiff's attorneys' trust fund for the benefit of Defendants Wikstrom in September 2013, as part of a settlement agreement in which plaintiff, along with third-party defendants were jointly and severally obligated to pay the sum of $250,000 to Defendants Wikstrom.
> If Defendants Wikstrom are required to pay $200,000 to plaintiff then, under applicable legal principles, it is as if the $200,000 was never paid to Defendants Wikstrom, and third-party defendants, as co-obligors with plaintiff to Defendants Wikstrom under the settlement agreement, are obligated to pay to Defendants Wikstrom $200,000, or whatever amount, if any, Defendants Wikstrom are required to pay to plaintiff.

**MEMORANDUM DECISION AND ORDER**    9

(BK 50 at ¶¶ 6-7.) This claim does not arise out of bankruptcy law but is instead one that could exist outside of bankruptcy. Therefore, it is a non-core claim. The Third-Party Claim is, however, "related to" the bankruptcy proceedings because the outcome of the Third-Party Claim "could conceivably have an[] effect on the bankruptcy estate." *ACI—HDT Supply Co.*, 205 B.R. at 237; 28 U.S.C. § 157(c)(1). To be a "related to" claim under § 157(c)(1), "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Pegasus Gold*, 394 F.3d at 1193 (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) (citations omitted).

Here, the Third-Party Claim relates to questions of ownership over certain money; i.e., whether the money is part of the bankruptcy estate, whether the Wikstroms must pay the money back to the Debtor, and/or whether the Wikstroms are entitled to repayment of the money from third party. Further, the Third-Party Defendants have sought indemnification from the Debtor with respect to the Wikstroms' Third-Party Claim against them which would impact the bankruptcy estate. (Dkt. 4, Dec. Cheney, Ex. B.) Thus, the outcome of the Third-Party Claim could have an effect on the bankruptcy estate. At the very least, the claims all involve a "common nucleus of operative facts" that would ordinarily be resolved in one judicial proceeding.[4] *Pegasus Gold*, 394 F.3d at 1194-95. For these reasons the Court

---

[4] Notably, the Wikstroms state in their opening brief that the claims asserted in this case "derive from a common nucleus of operative facts, and should be adjudicated in one

concludes that the Bankruptcy Court has jurisdiction to hear the Third-Party Claim as a non-core "related to" claim under the procedures set forth in 28 U.S.C. § 157(c)(1) akin to the Avoidance of Fraudulent Transfer Claim discussed above.

### C.     Seventh Amendment Right to a Jury Trial

The Wikstroms argue they have a  Seventh Amendment right to jury trial on the Third-Party Claim and the Adversary Claims and, therefore, the reference should be withdrawn. (Dkt. 1, 8 at 3.) Debtor argues that even if there is a right to a jury trial, the Motion is premature and the Bankruptcy Court should handle all of the claims at least until the case is ready for trial. (Dkt. 4 at 3-4.)

Bankruptcy court judges may not conduct a jury trial on non-core matters without the consent of the parties. *See Cinematronics*, 916 F.2d at 1451; Fed. R. Bankr. P. 9015(b). The Wikstroms have not consented to a jury trial of their non-core claim before the Bankruptcy Court in this case and, therefore, they assert, the reference should be withdrawn under 28 U.S.C. § 157(d). (Dkt. 1 at 3.) Asserting one's right to a jury trial does not, however, immediately invoke mandatory withdraw of the reference.

In *Healthcentral.com*, "the Ninth Circuit adopted the majority rule that the valid right to a jury trial does not mean that the bankruptcy court must instantly give up jurisdiction and

---

forum." (Dkt. 1 at 7.) Their position, however, remains that this Court should adjudicate the case because their Third-Party Claim is not a "core" proceeding and is not "related to" the bankruptcy case. For the reasons stated herein, the Court disagrees with this argument. (Dkt. 1 at 8-9.)

**MEMORANDUM DECISION AND ORDER**     11

transfer the action immediately, but rather held that the bankruptcy court 'may retain jurisdiction over the action for pretrial matters' until the matter is ready for trial." *In re Hettick*, 413 B.R. 733, 743 (D. Mont. 2009) (quoting *Healthcentral.com*, 504 F.3d at 788 ("[A]llowing the bankruptcy court to retain jurisdiction over pre-trial matters, does not abridge a party's Seventh Amendment right to a jury trial.")).[5]

### D.   Judicial Economy and Efficiency

The Wikstroms assert that withdraw is a more economical and efficient use of judicial resources and specifically point out they have asserted their right to a jury trial. (Dkt. 8 at 11-12.) Debtor argues that retaining the reference to the Bankruptcy Court will promote economy, efficiency, and uniformity of administration. (Dkt. 4 at 5.) Specifically, Debtor points out that this is an avoidance action raising claims, preference and fraudulent transfer claims, which are at the core or at the very least related to the bankruptcy proceedings. The Third-Party Defendants also argue the Court should deny the withdraw as a matter of judicial economy and to avoid confusion until such time as the matter is ready for trial. (Dkt. 6 at 6.)

---

[5] In their reply brief, the Wikstroms argue they have established their right to a jury trial under the Seventh Amendment and that the Debtor has consented to withdraw by failing to respond or contest their right. (Dkt. 8 at 3-4.) However, Debtor preserved its right to challenge whether the Wikstroms have a jury trial right in their response brief. (Dkt. 4 at 4 n. 5.) Regardless, the fact that the Wikstroms may have a Seventh Amendment right to a jury trial does not, in and of itself, require immediately withdrawing the reference. *See Healthcentral.com*, 504 F.3d at 788.

**MEMORANDUM DECISION AND ORDER**   12

The Wikstroms counter that withdraw is proper here because the non-core issues predominate their Third-Party Claim and the Bankruptcy Court's rulings are subject to this Court's *de novo* review. (Dkt. 8 at 11-12.)

The Court is not persuaded by the Wikstroms' arguments. Again, the jury-trial right does not require immediate withdrawal at this stage. Rather, at this point in the proceedings, the Court's central concern is how it can best help the parties achieve a just, speedy, and inexpensive resolution of their claims. *Cf.* Fed. R. Civ. P. 1. The "cause" factors relevant to permissive withdrawal - including efficiency, cost, and delay - speak to this concern. To that end, the Court finds it more efficient and economical to leave the case with the Bankruptcy Court to handle the pretrial matters, including the dispositive motions. *Healthcentral.com*, 504 F.3d at 787 ("[E]ven if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment right to a jury trial, as these motions merely address whether trial is necessary at all.").

The Debtor's Adversary Claims are all raised under Title 11 of the Bankruptcy Code which the Bankruptcy Court is more familiar with. *Healthcentral.com*, 504 F.3d at 787-88 ("[T]his system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them."). The Third-Party Claim is related to the Adversary Claims and based on well-established state contract law which the Bankruptcy Court is more than equipped to handle in ruling on pretrial matters. The Court finds that judicial economy and uniformity of bankruptcy administration are promoted in this case by having the Bankruptcy Court oversee pre-trial

**MEMORANDUM DECISION AND ORDER**   13

matters and determine whether a case actually requires a trial prior to withdrawal of the reference. *See Orion Pics.*, 4 F.3d at 1101–02; *Healthcentral.com*, 504 F.3d at 788 ("Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out."). Furthermore, the Bankruptcy Court is more familiar with the case as it has already heard and ruled upon a motion to dismiss and held other hearings on the issues involved in this case. Because the Bankruptcy Court is more familiar with the facts and circumstances with this case, the Court finds it is more efficient for the Bankruptcy Court to make decisions in the first instance even though some of those findings may be subject to *de novo* review. Any inefficiencies, including delays and costs, are outweighed by efficiencies gained in leaving the proceeding in Bankruptcy Court.

**B.     Delay and Costs to the Parties**

The Wikstroms maintain that their claim is ripe and argue that declining to withdraw will post-phone their claim pending the resolution of the Debtor's adversary proceeding which will cause further financial hardship for them. (Dkt. 8 at 8.) Further, the Wikstroms maintain that the adjudication of their Third-Party Claim will have no impact on the handling and administration of the bankruptcy estate as the claim is unrelated to the bankruptcy case. (Dkt. 1 at 8-9) (Dkt. 8 at 9.)

The Court disagrees. First, as the Court has determined above, the Third-Party Claim could impact the bankruptcy estate. Second, it is more logical to resolve the Debtor's adversary bankruptcy proceeding before addressing the Third-Party Claim. The resolution

**MEMORANDUM DECISION AND ORDER     14**

of the adversary claims may negate any need to take up the Wikstroms' Third-Party Claim let alone have a trial on the matter. Even if the Wikstroms are correct in their Third-Party Claim, the bankruptcy matter must still be resolved before they would know whether they would be paid the promised funds from the trust account or know if they need to pursue their claim against the Third-Party Defendants. For these reasons, the Court does not find that the delay and/or costs weigh in favor of withdrawing the reference at this time.

### C.     Other Related Factors

The Court has considered the other related factors including the uniformity of bankruptcy administration and preventing forum shopping. These factors also do not weigh in favor of granting the Motion to Withdraw the reference. Uniformity of bankruptcy administration will be furthered by retaining the reference and there is no indication of forum shopping by the Wikstroms.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)     The Motion to Withdraw Reference from the Bankruptcy Court (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.

2)     Plaintiff Hopkins Growth Fund, LLC shall file its Motion for Summary Judgment in the Bankruptcy Court case.

3)     The Bankruptcy Court shall adjudicate the claims in this case consistent with its jurisdiction and, where necessary, submit proposed findings of fact and conclusions of law to this Court for *de novo* review.

**MEMORANDUM DECISION AND ORDER**     15

4)      A renewed Motion to Withdraw the Reference may be filed once the

Bankruptcy Court has certified that the case is ready to proceed to trial.


DATED:  **October 19, 2015**

Honorable Edward J. Lodge
U. S. District Judge